**TIPTON, Petitioner, v. ALVIS et al, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4329.   Decided December 8, 1949.

Paul W. Martin, Columbus, for petitioner.

Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty. Genl., Columbus, for respondents.

### OPINION

By MILLER, PJ.

This is a habeas corpus proceeding originating in this court. The petitioner alleges that he is illegally and unlawfully incarcerated in the Ohio Penitentiary under a sentence the trial court had no jurisdiction to pronounce against him.

The record discloses that an indictment was returned against the petitioner by the grand jury of Clinton County as follows:

"The jurors of the grand jury of said County, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Clark Tipton and Paul Tipton on the 24th day of December, in the year of our Lord one thousand nine hundred and forty-three, at the County of Clinton aforesaid, unlawfully and by force and violence * * * robbed one Frank Tener of Forty Dollars ($40.00) in United States Money contrary to the statute in such case made and provided, and against the peace and dignity of the State of Ohio."

The judgment entry recites:

"This day came the prosecuting attorney on behalf of the state of Ohio, and the defendants, Clark Tipton and Paul Tipton, came into court accompanied by the Sheriff and for plea to said indictment charging the said defendants, Clark Tipton and Paul Tipton, with armed robbery, the said Clark Tipton sayeth he is guilty. * * * it is ordered, adjudged and decreed by the Court that the said Clark Tipton be sentenced to the Ohio Penitentiary at Columbus, Ohio, for an indefinite period of not less than ten years nor more than twenty-five years * * *."

It will be noted that a plea of guilty was entered to "armed robbery" while the indictment charged the petitioner only with "robbery". These are two separate and distinct offenses under the General Code of Ohio, the same being defined in §§12432 and 12432-1 GC. These two sections are identical with the sole exception that §12432-1 GC requires the accused to be "armed with pistol, knife or other dangerous weapon". Therefore, when the plea of guilty to armed robbery was entered there was also an admission of guilt to all the other material elements of the offense, to wit, the stealing of something of value from the person of another by the use of force or violence or by putting in fear. The plea of guilty entered admitted all of the material averments contained in the indictment and in addition admitted the use of a dangerous weapon, which was not charged. All of the material averments of the indictment being admitted the court had jurisdiction to impose sentence, but the sentence pronounced was not in conformity with the charge in the indictment. Clearly, this was error which was subject to attack on appeal, but it does not go to the jurisdiction of the court.

In **Ex parte Van Hagan, 25 Oh St 426,** the petitioner had been sentenced under a statute not in force although another statute covered the offense. The punishment inflicted was for a term longer than that authorized by the then existing statute. It was held:

"Habeas corpus is not the proper mode of redress, where the relator has been convicted of a criminal offense, and sentenced to imprisonment therefor * * *; if errors or irregularities have occurred in the proceedings or sentence, a writ of error is the proper remedy.

*          *          *          *

The punishment inflicted by the sentence, in excess of that prescribed by the law in force, was erroneous and

voidable but not absolutely void. It follows that a writ of error to reverse the proceedings or sentence is the remedy that the relator should have resorted to in order to obtain a discharge from illegal imprisonment, and not habeas corpus, which is not the proper mode of redress where the relator was convicted of a criminal offense and erroneously sentenced to excessive imprisonment therefor by a court of competent jurisdiction. **Ex parte Stephen M. Shaw, 7 Oh St 81,** approved and followed on this point."

In the case of **In re Allen, 91 Oh St 315,** Judge Newman, speaking through the court, used the following language, at page 325:

"The trial court in the instant case had jurisdiction of the person of the petitioner. It had jurisdiction to try him for the offense charged and to sentence him to a term in the penitentiary under §12672 GC. Instead there was an indeterminate sentence imposed of which the petitioner complains. If this were erroneous, the error committed by the court related to the sentence and punishment only and was not a jurisdictional one. The court merely entered and enforced a wrong judgment. Admitting then, for the purpose of this case, that there was no authority to impose the sentence, either by reason of the repeal of the indeterminate-sentence law or its unconstitutionality, the punishment inflicted was erroneous and voidable but not void. The sentence and punishment could have been corrected in a proceeding in error challenging the judgment of the court. The petitioner had ample opportunity to avail himself of the objections as to the sentence which he attempts to make here. A habeas corpus proceeding cannot perform the functions of a writ of error."

The subject of excessive sentences is discussed in 25 Amer. Jur., Section 59 at page 188, where it is said:

"Contrary to some early decisions, it is now well settled that in the case of a sentence which was merely excessive, if the court which imposed it had jurisdiction of the person and subject matter, such sentence was not void ab initio because of the excess, but was good in so far as the power of the court extended and was invalid only as to the excess, and,

therefore, a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed as much of it as was within the power of the court to impose."

We are therefore of the opinion that since the court had jurisdiction to impose sentence, and also since the sentence for robbery as defined by §12432 GC has not been fully complied with, the petitioner is entitled to no relief from this court. His only remedy at this time is through error proceedings upon leave being first obtained.

HORNBECK and WISEMAN, JJ, concur.